IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs at Knoxville on February 25, 2014

**TIM SMITH v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 1100146      W. Mark Ward, Judge**

**No. W2013-00432-CCA-R3-PC  -  Filed April 24, 2014**

The Petitioner, Tim Smith, challenges his conviction for aggravated kidnapping, alleging that his guilty plea was not knowingly and voluntarily entered because he did not understand the ramifications of his plea, noting that trial counsel erroneously advised him that he would be eligible for release after he had served eighty-five percent of his sentence.  Upon consideration of the record and the applicable authorities, we conclude that the Petitioner failed to prove that his plea was unknowingly and involuntarily entered and affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Ruchee Patel, Memphis, Tennessee, for the appellant, Tim Smith.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Senior Counsel; Amy P. Weirich, District Attorney General; and Meghan Fowler, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
<u>FACTUAL BACKGROUND</u>

The Petitioner was indicted on January 13, 2011, for especially aggravated kidnapping, a Class A felony; aggravated robbery, a Class B felony; carjacking, a Class B felony; and employing a firearm during the commission of a felony, a Class C felony. Pursuant to a plea agreement, the Petitioner pleaded guilty to especially aggravated kidnapping on July 6, 2011, and received a sentence of twenty years to be served at one hundred percent in the Department of Correction (DOC); the remaining three counts of the

indictment were dismissed. At the guilty plea hearing, the State proffered the following factual basis in support of the Petitioner's plea.

> Joe Ingram[,] on August 29th, 2010[,] was occupying his Infiniti Q-45 in front of his residence at 3973 Camelot. He exited his vehicle and was approached by three male suspects.
>
> One of the suspects was armed with a handgun and demanded the vehicle keys. He then used the key to open the trunk and have Ingram go inside. He had dropped his two gold rings, a watch, a cellular phone, and two gold bracelets. Ingram was ordered to get in the trunk and was locked inside. The vehicle began to drive away with him in the trunk. Mr. Ingram heard multiple gunshots.
>
> Later, officers close to the scene observed a vehicle without any headlights. It was that vehicle. The officer attempted to conduct a traffic stop and the two offenders, Mr. Hardy and [the Petitioner], got out of the car and fled. There was a third person that the State's been unable to identify at this time in the car who was shot when that car received gunshots.
>
> These two ran later and not far from there. An officer was able to -- saw both of them running down on Getwell Road close to where this all occurred. The suspect, [the Petitioner], was chased into a wooded area and threw down a .9 millimeter handgun. A search of this person revealed two gold rings that belonged, ultimately, to the victim. Mr. Hardy was also on the scene. Mr. Hardy was processed in latent prints. His fingerprints were found to be on the victim's car.

The Petitioner accepted the proffered factual basis for the plea.

Prior to accepting the plea, the trial court informed the Petitioner of the rights that he would be relinquishing by pleading guilty and of the sentence and the one hundred percent release eligibility that he was agreeing to. The trial court asked the Petitioner whether he understood the sentence and release eligibility, to which the Petitioner responded in the affirmative. Then, the trial court instructed the Petitioner to repeat the offense he was pleading guilty to and the sentence and release eligibility attached to said plea. The Petitioner complied, and when asked whether he had any questions, the Petitioner responded in the negative. The Petitioner stated that trial counsel had gone over his discovery and waiver form with him, that the latter also noted the release eligibility, and that it was his decision to plead guilty. The trial court approved the plea agreement and found that the

Petitioner was entering the plea knowingly and voluntarily.

On March 13, 2012, the Petitioner filed a pro se petition for post-conviction relief, alleging that his conviction was based on an unlawfully induced guilty plea or a guilty plea involuntarily entered. A post-conviction hearing was held on January 18, 2013.

The Petitioner testified that trial counsel advised him that he would be eligible for release after he had served eighty-five percent of his time but that he later learned that such was not true. The Petitioner testified that his decision to plead guilty was based primarily on trial counsel's erroneous advice that he would not prevail at trial and would receive a lengthier sentence than the one offered in the plea agreement if convicted, specifically, that he would get fifty-one years if he proceeded to trial. He explained that, after researching the law upon his arrival to the DOC, he now believed that trial counsel's advice was incorrect and that he no longer believed that he would have been convicted on all counts nor that he would have received a fifty-one-year sentence. Additionally, the Petitioner testified that trial counsel failed to conduct adequate research and investigation in preparing his case.

The Petitioner admitted that, at the guilty plea hearing, the trial court informed him that he was pleading guilty to especially aggravated kidnapping and a sentence of twenty years to be served at one hundred percent. He also admitted that the trial court asked whether he understood the charge and sentence, including the release eligibility, to which he was pleading guilty and that he responded in the affirmative. Further, he admitted that the trial court had him repeat the plea terms aloud in court to demonstrate his understanding. During this testimony, the post-conviction court clarified that, although no party mentioned it at the guilty plea hearing,[1] the Petitioner, despite his being required to serve one hundred percent of his twenty-year sentence, was eligible to earn up to a fifteen-percent reduction in his sentence for good behavior and other bases set forth by the DOC.

Trial counsel testified that she advised the Petitioner that, given the evidence against him, she believed that he would very likely lose if he had a trial. In support of her assessment of the evidence against the Petitioner, she testified that the evidence against the Petitioner was overwhelming, that the facts of the case were "egregious" and "very ugly," and that the victim was "very sympathetic." Trial counsel explained that, when the Petitioner was approached by police officers in a store and told that he was a suspect, he fled; that, after the Petitioner was apprehended, the police found items belonging to the victim on his person; and that all this occurred very shortly after the victim was discovered. Trial counsel also explained that DNA linked the Petitioner to the victim's car, which was involved in the carjacking; that the victim almost died as a result of being locked in his truck after the

---

[1] Judge Ward also presided over the guilty plea hearing.

incident; and that the co-defendant refused to speak with her regarding the case, so she was uncertain as to whether he would testify against the Petitioner. Trial counsel testified that she went over the discovery materials with the Petitioner. She explained to him that he was charged with four offenses, went over all of the elements of each offense in an "almost elementary kind of way," and advised him of the sentence he faced if convicted, a minimum of fifty years. Further, she strongly advised him to accept the plea agreement; however, she insisted that she also advised him that the decision to plead guilty was his choice.

In its findings of fact and conclusions of law, the post-conviction court accredited trial counsel's testimony at the hearing and noted that the Petitioner's petition did not allege ineffective assistance of counsel but addressed the issue anyway. Denying post-conviction relief, the post-conviction court stated,

> In essence, the Petitioner testified that he entered the guilty plea upon advice of counsel that he would likely lose at trial and would receive a greater sentence. He did not prove that this advice was erroneous. Simply put, the proof presented by the Petitioner does not show an involuntary, unknowing or unintelligent guilty plea. All he has alleged is that he thinks he made a poor decision and has changed his mind. He has proven no ineffective assistance of counsel and only that his attorney advised him to plead guilty. He has offered no newly discovered evidence and has not alleged nor proven any other ground which requires the granting of a petition for post-conviction relief. Further, [the] Petitioner was fully aware that his convictions were to be served at 100%.

> In summary, the Petitioner has failed to prove ineffective assistance or that his guilty plea was unknowing, unintelligent, or involuntary.

The Petitioner filed a timely notice of appeal to this court on January 28, 2013.

ANALYSIS

In this appeal, the Petitioner contends that he is entitled to post-conviction relief because his guilty plea was not knowingly and voluntarily entered because (1) trial counsel advised him that, despite the trial court's statement to him that his release eligibility was one hundred percent, he would be eligible for release after he had served eighty-five percent of his sentence; and (2) based on the totality of the circumstances, "it is clear that he did not fully understand the consequences of his plea[.]" The State responds that the Petitioner admitted that the real reason he pleaded guilty was because trial counsel advised him that he

-4-

would not prevail at trial and would receive a lengthier sentence at trial than that offered in the plea agreement if convicted. Further, the State responds that the Petitioner has failed to show by clear and convincing evidence that trial counsel's advice was erroneous; in fact, the evidence against the Petitioner was overwhelming, and by pleading guilty, he avoided being sentenced to a minimum of fifty-one years.

Petitions for post-conviction relief are governed by the Post-Conviction Procedure Act. Tenn. Code Ann. §§ 40-30-101 to -122. To obtain relief, the petitioner must show that his conviction or sentence is void or voidable because of the abridgement of a constitutional right. Tenn. Code Ann. § 40-30-103. The petitioner must prove his factual allegations supporting the grounds for relief contained in his petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(2)(f); see Dellinger v. State, 279 S.W.3d 282, 293-94 (Tenn. 2009). Evidence is clear and convincing when there is no substantial doubt about the accuracy of the conclusions drawn from the evidence. Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998).

The post-conviction court's findings of fact are conclusive on appeal unless the evidence in the record preponderates against them. See Nichols v. State, 90 S.W.3d 576, 586 (Tenn. 2002) (citing State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999)); see also Fields v. State, 40 S.W.3d 450, 456-57 (Tenn. 2001). The petitioner has the burden of establishing that the evidence preponderates against the post-conviction court's findings. Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997). This court may not re-weigh or reevaluate the evidence or substitute its inferences for those drawn by the post-conviction court. Nichols, 90 S.W.3d at 586. Furthermore, the credibility of the witnesses and the weight and value to be afforded their testimony are questions to be resolved by the post-conviction court. Bates v. State, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997).

When analyzing the voluntariness of a guilty plea, we look to the federal standard announced in Boykin v. Alabama, 395 U.S. 238 (1969), and the state standard set out in State v. Mackey, 553 S .W.2d 337 (Tenn. 1977). See State v. Pettus, 986 S.W.2d 540, 542 (Tenn. 1999). In Boykin, the United States Supreme Court held that there must be an affirmative showing in the trial court that a guilty plea was voluntarily and knowingly given before it can be accepted. 395 U.S. at 242. Similarly, our supreme court in Mackey required an affirmative showing of a voluntary and knowledgeable guilty plea. Pettus, 986 S.W.2d at 542. A plea is not "voluntary" if it results from ignorance, misunderstanding, coercion, inducements, or threats. Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993). In order to find that the plea was entered "intelligently" or "knowingly," Boykin requires that the trial court "canvass[ ] the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequences." Blankenship, 858 S.W.2d at 904 (quoting Boykin, 395 U.S. at 244)(emphasis in original).

The courts have recognized that "the decision to plead guilty is often heavily influenced by the defendant's appraisal of the prosecution's case against him and the likelihood of securing leniency through a plea bargain." See id. (quoting Brown v. Perini, 718 F.2d 784, 786 (6th Cir. 1983)). There are a number of circumstantial factors that should be considered when examining the voluntariness of a guilty plea. Id. These factors include (1) the defendant's relative intelligence; (2) his familiarity with criminal proceedings; (3) whether he was represented by competent counsel and had the opportunity to confer with counsel about alternatives; (4) the advice of counsel and the court about the charges against him and the penalty to be imposed; and (5) the defendant's reasons for pleading guilty, including the desire to avoid a greater penalty in a jury trial. Id. at 904-05.

In the instant case, although the Petitioner contends that trial counsel advised him that he would be eligible for release after he had served eighty-five percent of his time, trial counsel denied ever making such statement, and the post-conviction court accredited her testimony. As noted above, we afford the post-conviction court's findings of fact a presumption of correctness, and nothing in the record has rebutted that presumption. Also of note is that the guilty plea hearing transcript shows that the trial court ensured that the Petitioner understood that he would have to serve one hundred percent of his twenty-year sentence, and the Petitioner admitted that he affirmatively stated that he understood his release eligibility at the guilty plea hearing. Further, as the post-conviction court stated at the hearing, the Petitioner is eligible for up to a fifteen percent reduction in his sentence for good behavior and other activities as identified by the DOC, if he earns them. So, this issue is without merit.

Considering the "totality of the circumstances" argument, at the post-conviction hearing, the Petitioner also stated that his decision to plead guilty was based primarily on trial counsel's erroneous advice that he would not prevail at trial and would receive a lengthier sentence than the one offered in the plea agreement if convicted. Specifically, the Petitioner emphasized that trial counsel stated that he would get fifty-one years if he proceeded to trial and that he accepted the plea because he did not want to effectively "lose his life." He explained that, after researching the law, he now believed that trial counsel's advice was incorrect and that he no longer believed that he would have been convicted on all counts nor that he would have received fifty-one years' incarceration. Additionally, the Petitioner testified that trial counsel failed to conduct adequate research and investigation. We find the Petitioner's unsubstantiated arguments unpersuasive.

The record reflects that trial counsel admitted to advising the Petitioner that, given the evidence against him, he would very likely lose if he had a trial. In support of her assessment of the evidence against the Petitioner, she testified that the evidence against him was overwhelming, that the facts of the case were "egregious" and "very ugly," and that the

victim was "very sympathetic." Trial counsel explained that, when approached by police officers in a store and told that he was a suspect, the Petitioner fled; that, after he was apprehended, the police found the victim's belongings on the Petitioner's person; and that all this occurred very shortly after the victim was discovered. Trial counsel testified that she went over the discovery materials with the Petitioner; she explained to him that he was charged with four offenses, went over all of the elements of each offense in an "almost elementary kind of way," and advised him that he faced a minimum of fifty years, if convicted. She further testified that she thought the State's likelihood of success at trial was "greater than great" and that she strongly advised the Petitioner to accept the plea agreement because she wanted him to be "able to have a life." However, trial counsel insisted that she did not force the Petitioner to plead guilty. Trial counsel testified that, initially, the State wanted the Petitioner to plead guilty to two of the four offenses for which he was indicted and accept a sentence of twenty-five years but that she was able to negotiate a better agreement: twenty years at one hundred percent to plead guilty to one offense. However, she explained that the State advised her that this was their final offer and that, if she pursued a motion to suppress, the offer would be rescinded, and the case would proceed to trial.

After reviewing the record and the applicable authorities, we conclude that the Petitioner has failed to demonstrate that his plea was unknowingly and involuntarily entered. Given the overwhelming evidence of the Petitioner's guilt and the benefit the Petitioner derived by pleading guilty, we cannot conclude that trial counsel's advising the Petitioner to accept the plea agreement based on her conclusion that the Petitioner would be convicted if he went to trial was erroneous. Based on the evidence, it was not unreasonable for trial counsel to conclude that he would be convicted of all four counts and that the trial court would have likely imposed consecutive sentencing, exposing the Petitioner to a much lengthier sentence. By the Petitioner's own admission, he reviewed the discovery materials with trial counsel and, ultimately, pleaded guilty to avoid a much lengthier sentence. As found by the post-conviction court, the Petitioner has not shown that his plea was unknowingly or involuntarily entered. Therefore, it is for these reasons we conclude that the post-conviction court properly found that the Petitioner had failed to show that his plea was unknowingly and involuntarily entered and denied post-conviction relief. The Petitioner is not entitled to relief.

<u>CONCLUSION</u>

Based upon the foregoing, the judgment of the post-conviction court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE